```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
HOWARD RICE,
                              *
     Petitioner,
                              *
          v.                      CIVIL NO.:    WDQ-08-3107
                              *   CRIMINAL NO.: WDQ-04-0323
UNITED STATES OF AMERICA,
                              *
     Respondent.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Howard Rice's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Rice's motion will be denied.

I. Background

On February 19, 2004, Rice and his brother, Raeshio Rice, were indicted for conspiracy to distribute heroin.[1] Case No. BEL-04-0084, Docket No. 1. In April 2004, Assistant United States's Attorney Jason Weinstein and special agents held reverse proffers with Howard and Raeshio and their attorneys to explain the evidence against them and their options. Resp. Opp. at 5-6. On June 1, 2004, Howard and Raeshio Rice pled guilty pursuant to

---

[1] In violation of 21 U.S.C. § 846.

1

a plea agreement.[2]  BEL-04-0084, Docket No. 31.  On October 29, 2004, Chief Judge Legg sentenced Howard Rice to 135 months imprisonment.  BEL-04-0084, Docket No. 39.

Throughout 2004 and early 2005, a broader investigation into charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO")[3] continued.  Resp. Opp. at 15.  On February 1, 2005, a grand jury returned a 20-count indictment against Howard and Raeshio Rice, and 11 other defendants charging RICO and other crimes ("RICO Indictment").  WDQ-04-0323, Docket No. 20.  The RICO acts included narcotics conspiracy and distribution, and acts of violence.  Resp. Opp. at 17.

On January 25, 2006, Rice moved to dismiss the RICO Indictment because, he alleged, his earlier plea agreement provided immunity.  WDQ-04-0323, Docket No. 249.  On October 12, 2006, after an evidentiary hearing, the Court denied the motion, holding that (1) no oral promises had been made, (2) the agreement permitted subsequent prosecution, and (3) the Government had not intentionally delayed the RICO Indictment.  WDQ-04-0323, Docket Nos. 369-70.

---

[2] The agreement provided that Rice would "not be further prosecuted criminally by [the U.S. Attorney's Office] for his participation in a conspiracy to distribute and possess with intent to distribute heroin from in or about the Fall of 2003 through in or about February 2004."  Plea Agmt. ¶ 9.  The agreement stated that it did "not provide any protection against prosecution for any crimes except as set forth above."  *Id*.

[3] 18 U.S.C. §§ 1961 *et seq.*

Rice pled guilty to two RICO charges and conspiracy to distribute and possess with intent to distribute cocaine, and on October 23, 2006, was sentenced to 360 months imprisonment. WDQ-04-0323, Docket No. 378, 381. Rice did not appeal. On April 24, 2007, pursuant to Rice's the plea agreement in the second case, the Court vacated Rice's first sentence of 135 months imprisonment. WDQ-04-323, Docket No. 428.

On November 6, 2008, Rice filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. WDQ-08-3107, Paper No. 1. On January 6, 2009, the Court notified Rice that it intended to construe his petition as one under 28 U.S.C. § 2255, and gave him 30 days to explain why his petition is timely, or equitable tolling applies. On February 9, 2009, Rice consented to the motion being considered as one under § 2255, and filed a supplemental memorandum in support. WDQ-04-0323, Docket No. 498.

II. Analysis

    A. Statute of Limitations

The Government argues that Rice's motion--filed more than two years after he was sentenced--is barred by the statute of limitations. Rice counters that the limitations period was equitably tolled because his attorneys erroneously failed to file an appeal.[4]

---

[4] Rice also argues that the Court erred by raising *sua sponte* the timeliness of his petition. Pet. Supp. Mem. at 4-5. Such review is permissible. *Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002) (§ 2254 petition); *Acosta v. Artuz*, 221 F.3d

As noted in the January 6, 2009, Order, a § 2255 motion must be filed within one year of the date the judgment becomes final. § 2255(f)(1)[5]; WDQ-04-0323, Paper No. 497 at 3.  Rice was sentenced on October 23, 2006, and did not appeal; the judgment became final on November 6, 2006.[6]  He filed this motion two years later.

Equitable tolling may permit a late claim "in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  A petitioner must show (1) extraordinary circumstances, (2) beyond

---

117 (2d Cir. 2000).

[5] The one year period starts from the latest of four possible events, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Rice's claims are for prosecutorial misconduct related to the immunity clause in his first plea agreement, and the timing of the February 2005 RICO Indictment.  Section 2255(f)(4) does not help him because he knew the facts supporting these claims well in advance of his October 2006 sentencing.  Indeed, his January 2006 motion to dismiss the RICO Indictment was based on the same allegations.

[6] *E.g.*, *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a defendant does not file an appeal, the conviction becomes final "upon the expiration of the 10-day period for filing a direct appeal"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

4

his control, (3) that prevented timely filing. *Sosa*, 364 F.3d at 512. The petitioner must have acted diligently in pursuing his petition. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009).[7] "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512.

"[I]neffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an 'extraordinary circumstance' that would justify equitable tolling." *Byers*, 561 F.3d at 836; *Rouse*, 339 F.3d at 246; *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).[8] But, serious attorney misconduct--such as telling a defendant a § 2255 motion had been filed when it had not been--may justify tolling. *Martin*, 408 F.3d 1089[9]; *United States v. Wynn*, 292 F.3d 226, 230

---

[7] *Accord Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008); *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008); *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003).

[8] For example, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond a party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F.3d at 331; *accord Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

[9] In *Martin*, the petitioner's attorney told the petitioner (1) that there was no deadline for a § 2255 motion, (2) that he would file the motion, and (3) after the deadline passed, that he had filed the motion. 408 F.3d at 1094. The attorney also did not (1) respond to the petitioner's or his wife's phone calls, (2) attend meetings with the petitioner's wife, nor (3) return

(5th Cir. 2002).

Rice argues that he did not file his motion on time because he believed his attorneys "would be handling the appeal of the denial of the motion to dismiss," and he "awaited the outcome of the appeal that was allegedly filed as per their conveyances." Pet. Supp. Mem. at 7.  He points to a July 2006 letter--three months before he was sentenced--from one of his attorneys, William Purpura, Esquire, in which Purpura states that if the court "rules against your Motion to Dismiss the Indictment, we will, *if requested*, note an immediate appeal."  Pet. Supp. Mem., Ex. 1 (emphasis added).  Rice states that he conveyed to Purpura and his other attorney, Teresa Whalen, Esquire, his "emphatic desire" to appeal the Court's denial of his motion.  Pet. Supp. Mem. at 7.

He alleges that after he was sentenced he contacted his attorneys "a substantial number of times" through phone calls and letters, but did not reach them or receive a response.  *Id.* at 8.

---

documents the petitioner had sent him for the motion.  *Id.* at 1095.
    The Eighth Circuit tolled the statute of limitations due to these circumstances and the petitioner's diligence.  *Id.*  It reasoned that he hired the attorney "well in advance of his filing deadline," and he and his wife "did everything in their power to stay abreast of the status of his case."  *Id.*  Further, the petitioner filed a complaint with the attorney's bar and filed motions seeking an extension of time to file the motion.  *Id.*  The court noted that the attorney told the petitioner that the motion had been filed and "relief was forthcoming," and it did "not fault [the petitioner] for relying on his attorney."  *Id.*

6

Rice states that this "stirred a certain anxiety" in him, "but not of the species which would cause him to doubt the words of [his] attorneys." *Id.* In late October 2007--one year after he was sentenced--Rice sent a letter to the Clerk of Court inquiring about the status of his "§ 2255 motion."[10] *Id.* Rice has also provided emails--sent from January 2008 to October 2008--between his sister and Whalen in which his sister sought, on his behalf, documents related to his case. Pet. Supp. Mem., Ex. 4.

Rice did not contact the court until late October 2007--one year after he was sentenced. Had he done so earlier he would have discovered that no appeal had been filed. His lack of diligence--not an external circumstance--precluded a timely motion.[11] Thus, the statute of limitations will not be tolled,

---

[10] At the time, Rice believed a "§ 2255 motion" was an appeal. Pet. Supp. Mem. at 7.

[11] In *Cruz v. Small*, a state prisoner's habeas petition under § 2254 was dismissed as untimely. No. 00-55770, 2002 WL 1881086, at *1 (9th Cir. Aug. 15, 2002) (unpublished). The petitioner argued that tolling applied because his appellate attorney failed to inform him that his petition to the California Supreme Court had been denied. *Id.* The Ninth Circuit held that it was not enough to warrant tolling, and "by waiting over a year to inquire about his petition for review, then waiting almost another year to file his section 2254 petition, Cruz . . . failed to demonstrate the diligence necessary for equitable tolling." *Id.*
    *Accord Warren v. Kelly*, 207 F. Supp. 2d 6, 11 (E.D.N.Y. 2002) (state prisoner's claim for tolling because he did not know about the disposition of his state appeal denied because he "certainly could have inquired about the status of his appeal during that time"); *Davis v. Lavan*, No. 03-6129, 2004 WL 828367, at *4 (E.D. Pa. Mar. 12, 2004) (unpublished) (state petitioner was not diligent because he did not check on the status of his appeal).

and Rice's motion will be denied.[12]

B.  Certificate of Appealability

Rice also seeks a certificate of appealability. "A certificate of appealability will not issue absent 'a substantial showing of the denial of a constitutional right.'" *Williams v. Smith*, No. 08-6154, 2009 WL 33569, at *1 (4th Cir. Jan. 7, 2009); 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the assessment of the constitutional claims by the district court is "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Williams*, 2009 WL 33569, at *1.

Rice has not shown that the Court's decision was debatable or wrong; thus, his motion will be denied.

III. Conclusion

For the reasons stated above, Rice's motion will be denied.

June 18, 2009                             /s/
Date                          William D. Quarles, Jr.
                              United States District Judge

---

[12] Although Rice did not bring a claim for ineffective assistance of counsel relating to his attorneys' failure to file an appeal, the Court will address it. As noted above, a § 2255 motion must be filed within one year of the date on which the facts supporting the claim "could have been discovered through the exercise of due diligence." § 2255(f)(4). Rice was sentenced in late October 2006, but did not contact the court to check on the status of his appeal until late October 2007. A reasonably diligent person--having received no response from his attorneys--would have contacted the court sooner.

8