IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 28 P 1: 29

| | |
|---|---|
| HOWARD RICE ) | CRIMINAL NO.: 1:04-CR-00323-WDQ |
| (Defendant/Petitioner) ) | |
| ) | CIVIL NO.: WDQ-12-3648 |
| vs. ) | |
| ) | D.J. WILLIAM D. QUARLES, JR. |
| UNITED STATES OF AMERICA ) | |
| (Respondent/Government) ) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION
## OF THE COURT'S JANUARY 10, 2013 ORDER

I. MATTER AND MEANS

The instant motion constitutes a consolidated motion and brief, and represents a motion for reconsideration of this Honorable Court's January 10, 2013 Order (See Ex. 1, attached) in which said court held that it was without jurisdiction to review Defendant's (hereinafter "Petitioner") 28 U.S.C. 2255(f)(4) motion, with the court committing the manifest error of fact and law by construing Petitioner's 2255(f)(4) motion as a "successive Motion to Vacate" which required authorization for filing from the Fourth Circuit Court of Appeals. The facts and claims which embody Petitioner's 2255(f)(4) motion (See Ex. 2, attached) unequivocally unveil that said motion is not a "second or successive petition," as the facts and claims which comprise such were birthed on January 26, 2011, or more than 3 years after Petitioner's 1 year limitation period for filing an initial 28 U.S.C. 2255 motion (October 29, 2007) expired. Controlling stare decisis relative to what does, vel non, constitute a "second or successive petition" pursuant to 28 U.S.C. 2255(h) will be cited infra, to persuade the tribunal that Petitioner's 28 U.S.C. 2255(f)(4) motion is not a "second or successive petition," and that an evidentiary hearing is necessitated to confidently assess the merits of Petitioner's 2255(f)94) motion, consistent with U.S. v. Scott, 761 F.Supp.2d 320, 325-26 (E.D.N.C. 2011).

II. APPLICABILITY

"Although 'the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed,'" (See U.S. v. Dailey, 475 Fed. Appx. 898, 899 (4th Cir. 2012) (citing Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985)), motions for reconsideration are synonymous with motions filed pursuant to F.R.Civ.P. 59(e). (See U.S. v. West, 411 Fed. Appx. 663 fn. 1 (4th Cir. 2011) (citation omitted.) "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." U.S. v. Foreman, 369 F.3d 776, 796 fn. 12 (4th Cir. 2003); DIRECTV, Inc. v. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (citing case.) "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.; Galeas v. Inpold, 2011 U.S. Dist. LEXIS 14592 (W.D.N.C. 2011)

In the case at bar, reconsideration of this Honorable Court's January 10, 2013 Order is necessitated. In this Honorable Court's January 10, 2013 Order (Ex. 1) it held that Petitioner's 28 U.S.C. 2255(f)(4) motion (Doc. 561/Ex.2) was a "successive Motion to Vacate," citing that Petitioner's "first Motion to Vacate was denied on June 18, 2009." (See Ex. 1, pg. 1) However, it was a manifest error of law and fact for the court to hold that Petitioner's 2255(f)(4) motion was a "successive Motion to Vacate," as the claim(s) which comprised Petitioner's 2255(f)(4) motion (Ex. 2) were birthed on January 26, 2011, at Darnell Anthony Young's 1/26/11 sentencing hearing, or approx. 19 months after Petitioner's initial 2255 motion was denied. The law applicable to what constitutes a "second or successive petitioner" within the purview of 28 U.S.C. 2255(h), thrust herein, infra, definitively substantiates that Petitioner's 2255(f)(4) motion (Doc. 561/

Ex. 2) is not a "successive Motion to Vacate" as described under 2255(h). Reconsideration and amelioration by this Honorable Court of its January 10, 2013 Order is warranted to obviate a manifest injustice and to conserve the scarce judicial resources of the Fourth Circuit Court of Appeals, resources said court would undoubtedly waste in adjudicating a petition which does not require certification from the Circuit Court.

III. ARGUMENT

THE DISTRICT COURT ERRED WHEN IT HELD THAT PETITIONER'S 28 U.S.C. 2255(f)(4) MOTION WAS A "SUCCESSIVE MOTION TO VACATE," CONSTITUTING A MANIFEST ERROR OF LAW AND FACT.

The genesis in the equitable resovle of the instant motion for reconsideration is that of the facts which comprise Petitioner's 28 U.S.C. 2255(f)(4) motion. Petitioner raised a violation of due process claim via his 2255(f)(4) motion, illustrating that he was sentenced based upon materially false information, and that Petitioner is actually innocent of the 4 point leader aggravating role (U.S.S.G. 3B1.1) and of conspiracy to distribute 150 kilograms or more of cocaine. (Ex. 2, pgs. 8-21) The facts and evidence which substantiates Petitioner's claims are rooted in the January 26, 2011 sentencing hearing of Darnell Anthony Young, where Petitioner's alleged condefendant Eric Clash testified. On January 26, 2011, Eric Clash testified that basically he receivedd less than 5 kilograms of cocaine from Petitioner and that Petitioner no longer was his (Clash's) supplier because Petitioner could not keep a supply of cocaine. (Doc. 561 pg. 10/Doc. 561 Ex. 5 pgs. 8-13) Clash then testified that he met a California supplier who he obtained a large supply of cocaine from. (Ex. 2 pgs. 10-11/Doc. 561 pgs. 10-11) Once Clash secured a supply of cocaine himself, he briefly supplied Petitioner with a nominal amount of cocaine very briefly, but that Clash stopped supplying Petitioner in an executive decision he himself made, and Clash told at least 2 other alleged co-conspirators to deceive Petitioner as to

who their supplier was, because Clash felt that Petitioner was "too flashy," inter alia of course. (See Ex. 2 pgs. 11-12 citing Doc. 561 Ex. 5 pgs. 22-28) This evidence illustrated that Petitioner was not privy to a conspiracy involving 150 kilograms or more of cocaine because he was not only excised from said alleged conspiracy by Clash, but also that he was oblivious as to supply, demand and that it was in fact Clash that was the leader, not Petitioner, inter alia of course. (Sccinctly narrated, see Ex. 2/Doc. 561 pgs. 8-21 for full thrust.)

The material facts in resolving if whether, vel non, Petitioner's 2255(f)(4) motion (Ex. 2) constitutes a "second or successive petitioner" within the purview of 28 U.S.C. 2255(h) are irrefutable. Petitioner was sentenced to 30 years imprisonment on October 19, 2006. As Petitioner filed no direct appeal, this means that Petitioner's deadline for filing a motion to vacate pursuant to 28 U.S.C. 2255 expired on approx. October 29, 2007. Petitioner filed a 2255 motion on November 6, 2008 which was held to be untimely and was denied on June 18, 2009. The Clash testimony which substantiates that Petitioner was denied due process via being sentenced based on materially false information transpired on January 26, 2011, unequivocally. (Doc. 561, Ex. 5)) Because the evidence which embodies and comprised the claims which Petitioner raised via his 2255(f)(4) motion was birthed on January 26, 2011, or 19 months <u>after</u> Petitioner's initial 2255 motion was denied, Petitioner's 2255(f)(4) motion is irrefutably not a "second or successive petition" within the purview of 2255(h). And via Petitioner's 2255 (f)(4) memorandum of law, Petitioner painstakenly illustrated via facts and stare decisis that Petitioner's 2255(f)(4) motion was not a "second or successive petition" within the meaning of 2255(h). (See Ex. 2 pgs. 5-8)

In this Honorable Court's January 10, 2013 order where it erroneously construed Petitioner's 2255(f)(4) motion as a "successive Motion to Vacate," the court referenced only that: "Petitioner's first Motion to Vacate was denied on June 18, 2009." (Ex. 1 pg. 1) The court next referenced the 28 U.S.C. 2255(h)

4

"second or successive petition" certification requirements. (Ex. 1 pg. 1) From this, it is unequivocal that the court erroneously categorically and formulaically characterized Petitioner's 2255(f)(4) motion as a "second or successive petition" merely because Petitioner's first 2255 motion was filed and denied, which also illustrated that this Honorable Court was oblivious to the fact that the term "second or successive petition" is a "term of art," not to be taken literally. (See In re Cabey, 429 F.3d 93 (4th Cir. 2005); Slack v. McDaniel, 529 U.S. 473, 486 (2000) (citations ommitted); see also Ex. 2 pgs. 5-7) This Honorable Court's utterance that Petitioner's 2255(f)(4) motion was a "successive Motion to Vacate" was also a manifest error of law and fact because the court cited absolutely no facts it relied upon which had persuaded the tribunal that Petitioner's 2255(f)(4) motion was a "successive Motion to Vacate." (See Ex. 1) The manifest error of law which the court made when it construed Petitioner's 2255(f)(4) motion as a "successive Motion to Vacate" is premised solely on either the court's misapprehension of the facts which comprised the claims which embodied Petitioner's 2255(f)(4) motion, or the total refusal to even view the substance of Petitioner's 2255(f)(4) motion, with the court perhaps being oblivious as to the stare decisis which establishes the prohibition against the literal interpretation of the term "second or successive petition" leading to a categorical mischaracterization absent muster of the actual facts and content of Petitioner's 2255(f)(4) motion.

It is this day evident as hornbook law that "a petition which 'expressly seeks to raise only those issues that originated... after [petitioner's] first 2255 petition... is not second or successive for purposes of AEDPA.'" In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999); Slack v. McDaniel, 529 U.S. 473, 486-87 (2000) "Where the subsequent section 2255 motion asserts a claim that was not ripe at the time of the prior section 2255 motion, the subsequent section 2255 motion is not 'second or successive.'" U.S. v. Scott, 761 F.Supp.2d 320, 325 (E.D.N.C. 2011) (citing Panetti v. Quarterman, 551 U.S. 930, 947 (2007) "The

5

High Court has declined to interpret 'second or successive' as referring to all... application filed second or successively in time, even when the later filings address a... judgment already chalenged in a prior ... application. Thus it is improper: for a lower court to formulaically conclude that ever motion filed after an initial section 2255 motion is filed is a 'second or successive' motion." (Scott, supra, at 324-25)

Based on the foregoing, because the January 26, 2011 testimony of Eric Clash at Darnell Anthony Young's sentencing hearing on the same date is the origin which substantiates (and makes available) Petitioner's claims raised in his 2255(f)(4) motion, evidence which was only unveiled 19 months after Petitioner's initial 2255 was denied, it is clear that Petitioner's 2255(f)(4) motion is not a "successive Motion to Vacate," contrary to this Honorable Court's 1/10/13 holding. The foregoing, in toto, establishes that this Honorable Court's 1/10/13 holding that Petitioner's 2255(f)(4) motion was a "successive Motion to Vacate" (Petitioner's 2255(f)(4) motion - Ex. 2/Doc. 561) constituted a manifest error of fact and law, which requires not just reconsideration, but vacatur and amelioration. An evidentiary hearing consistent with U.S. v. Scott, 761 F.Supp.2d 320, 325-26 (E.D.N.C. 2011) is warranted to further develop the record so that equitable resolve of Petitioner's merits is had. A manifest injustice will find life if the instant motion is not granted.

Respectfully Submitted,

/s/ Howard Rice
Howard Rice
Reg. No. 41214-037
LSCI Allenwood
P.O. BOX 1000
White Deer, PA 17887

Howard Rice
41214-037
Low Security Correctional Institution Allenwood
P.O Box 1000
White Deer PA 17887



⇔41214-037⇔
William D Quarles Jr
C/O Court Clerk
101 W Lombard ST
Baltimore, MD 21201
United States